UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL M. GRAY, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | No. 2:11-cv-391-GZS |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the grounds that the administrative law judge (i) failed to properly evaluate credibility, as required by Social Security Ruling 96-7p ("SSR 96-7p"), (ii) erred in giving little weight to the opinions of treating physician Jeff L. Brown, M.D., and, (iii) as a result of the first two errors, omitted critical limitations from his residual functional capacity ("RFC") finding. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 10) at 4-12. I find no error and, hence, recommend that the decision be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 22, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

administrative law judge found, in relevant part, that the plaintiff had severe impairments of mild osteoarthritis of the hips and mild to moderate degenerative disc disease of the lumbar spine with small bulges but no herniation or nerve root involvement, Finding 3, Record at 12; that he retained the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could never climb ladders, ropes, or scaffolds, could balance frequently, could perform all other postural activity only occasionally, could walk, stand, or sit for six hours in a regular workday, and needed to avoid walking on irregular terrain, Finding 5, *id*. at 13; that, considering his age (51 years old, defined as an individual closely approaching advanced age, on the amended alleged disability onset date), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 18-19; and that he, therefore, was not disabled from September 9, 2009, his amended alleged disability onset date, through June 1, 2011, the date of the decision, Finding 11, *id*. at 19-20.[2] The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

---

[2] The plaintiff is insured, for purposes of SSD benefits, through December 31, 2013. *See* Finding 1, Record at 12; *Chute v. Apfel*, No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999) ("To be eligible to receive SSD benefits the plaintiff had to have been disabled on or before her date last insured . . .; however, eligibility for SSI benefits is not dependent on insured status.").

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Credibility Finding

SSR 96-7p provides, in relevant part:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.

SSR 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011), at 134.

The plaintiff argues that the administrative law judge transgressed this requirement by (i) making a conclusory statement regarding credibility and (ii) providing no clear explanation anywhere in his decision of the reasons for his credibility assessment, preventing subsequent reviewers from determining the weight given to the plaintiff's statements and the reasons for that weight. *See* Statement of Errors at 5.

While the administrative law judge did provide a conclusory statement on credibility, *see* Record at 15, he adequately explained the basis for his finding in the discussion that followed. Specifically, he found that:

1. Although the plaintiff "continued to complain of lower back pain and hip pain" from 2003 onward, "the medical record of evidence indicates that this was fairly well controlled with Vicodin as long as he limited himself to light exertional work[,]" and the plaintiff was able to continue his work as a forklift operator. *Id*. at 16.

2. William Hall, M.D., an impartial medical expert who testified at the plaintiff's hearing, stated that the plaintiff's pain "has been controlled with Vicodin and other analgesics" and that, although the plaintiff stopped working in August 2009, Dr. Hall could not find a record of any change in clinical findings preceding that date. *Id*. at 17.

3. Great weight was given to the opinions of Dr. Hall and of Robert Hayes, D.O., a Disability Determination Services ("DDS") nonexamining consultant who completed an RFC form dated March 16, 2010, with the administrative law judge noting "the absence of any diagnostic imaging or laboratory findings since 2007[,]" the lack of referral to a specialist, and the lack of substantiation by objective evidence of the plaintiff's subjective complaints of pain on examination and manipulation. *Id*. at 18.

Anticipating that this court might consider these portions of the administrative law judge's discussion to be his explanation for his credibility finding, the plaintiff further argues that:

1. It was "inappropriate" for the administrative law judge to draw a negative inference regarding the plaintiff's credibility on the basis of his work record, given the plaintiff's testimony that he continued to work after he was injured in 2004 and 2007 because he thought he

4

would heal himself, he was trying to support his wife, and he was trying to work as long as he possibly could.  *See* Statement of Errors at 6.

2. It is true that the plaintiff's condition did not appear to worsen in August 2009. *See id*.  However, he "became unable to continue to work with the severe pain he had been enduring[,]" as Dr. Brown observed in an office note of November 13, 2009.  *Id*.  Further, the plaintiff's medication did not eliminate his need to take stretch breaks at work.  *See id*. at 7.

3. The administrative law judge purported to give Dr. Hall's opinion great weight but ignored Dr. Hall's testimony that he found "no reason to question [the plaintiff's] credibility[.]"  *Id*. at 7 (quoting Record at 51).

4. If it were true that all claimed symptoms must be corroborated by objective medical evidence, there would be no need to conduct the credibility analysis required by SSR 96-7p.  *See id*. at 7-8; *see also* SSR 96-7p at 133 ("Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.").

The plaintiff falls short of making a persuasive case for disturbing the administrative law judge's credibility finding.  It was entirely appropriate for the administrative law judge to take into account (i) the plaintiff's continued work despite years of complaints of back and hip pain, (ii) the fact that his clinical picture was unchanged in August 2009, (iii) the lack of objective evidence supporting his complaints, and (iv) Dr. Hall's testimony, with the benefit of review of all available medical evidence and of hearing the plaintiff's testimony, that he endorsed the RFC

5

opinion of Dr. Hayes.  *See, e.g.*, SSR 96-7p at 133 ("In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements . . ., statements and other information provided by treating or examining physicians . . . and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record."); *Bush v. Shalala*, 94 F.3d 40, 45-46 (2d Cir. 1996) (claimant fell short of meeting her burden to show that she could not return to past relevant work when, *inter alia*, she had worked from 1978 to May 1985 despite her condition); *see also* Record at 52, 54 (Hall testimony).

The administrative law judge supplied supportable reasons for discrediting the plaintiff's subjective complains of disabling limitations.  That was all he was required to do.  *See, e.g., Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings.").

### B.  Treating Provider RFC Opinion

Administrative law judges typically rely on expert opinions concerning a claimant's RFC; as laypeople, they are not competent to make such assessments unless they can be made as a matter of common sense.  *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record.").

The record in this case contained three expert RFC opinions: that of nonexamining DDS consultant Dr. Hayes and those of the plaintiff's treating physician, Dr. Brown.  *See* Record at

503-10 (Hayes), 497-500 (Brown opinion dated November 13, 2009), 535-39 (Brown opinion dated May 4, 2011). Dr. Brown deemed the plaintiff considerably more limited than did Dr. Hayes, stating, for example, in his 2011 opinion that the plaintiff (i) did not have the physical capacity to perform even sedentary work (the lowest listed exertional capacity), (ii) probably could not maintain regular attendance and be punctual within customary and usually strict tolerances, (iii) would be absent from work, on average, more than four days per month as a result of his impairments or treatment, and (iv) could not sit or stand continuously for more than 15 minutes. *See id*. at 536-38.[3] At hearing, Dr. Hall endorsed the RFC opinion of Dr. Hayes and rejected both opinions of Dr. Brown. *See id*. at 52, 54.

"The Secretary may (and, under his regulations, must) take medical evidence." *Rodriguez*, 647 F.2d at 222. "But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts." *Id*. The administrative law judge resolved the conflict among expert opinions by according little weight to the opinions of Dr. Brown, which he judged "excessive and not well substantiated by the record as a whole[,]" and great weight to the opinions of Drs. Hall and Hayes. *Id*. at 18.

> With respect to Dr. Brown's opinions, he elaborated:
>
> Diagnostic imaging prior to the [plaintiff's] amended alleged onset date was generally benign. Other than physical examinations, no diagnostic testing appears to have been performed since 2007. Physical examinations show some limitations but not of sufficient severity to preclude the [plaintiff] from performing light work. Much of Dr. Brown's opinions appear[s] to be based on the [plaintiff's] self-report of his limitations. Notably, Dr. Brown did not feel that it was necessary to refer the [plaintiff] to any significant referrals – orthopedics,

---

[3] In his 2009 opinion, Dr. Brown found the plaintiff, in effect, unable to perform even the lowest level exertional capacity work when he deemed him unable "to perform physical labor due to pain[,]" unable to lift, pull, sit, or stand too long, only occasionally able to sit, never able to stand, reach, bend, or lift, and unable to engage in at least 20 hours per week of employment. *See* Record at 497, 499.

>        neurology, pain management or physical therapy.  It appears that Dr. Brown felt
>        the [plaintiff's] pain could be controlled with Vicodin.

*Id*.

The plaintiff argues that these are insufficient reasons for rejecting the Brown RFC opinions in that:

>        1.      Dr. Brown's findings are supported by the record, each of his 31 progress notes spanning the period from 1997 to 2011 having documented, by physical examination or manipulation, the plaintiff's recurring low back and right hip pain.  *See* Statement of Errors at 11.  Dr. Hall testified that there was no reason to question the clinical findings of Dr. Brown that these examinations elicited complaints of discomfort.  *See id*.  Although the administrative law judge stated that Dr. Hall found no clinical record of hip dislocation, Dr. Brown noted the existence of a "chronic recurrent dislocating hip."  *Id*.; *see also* Record at 17, 535.

>        2.      It is irrelevant that Dr. Brown did not refer the plaintiff for additional treatment or medication, his notes having revealed that, as of November 13, 2009, he believed that the plaintiff had reached maximum medical improvement and would not benefit from other forms of treatment.  Statement of Errors at 12; *see also* Record at 500 (notation by Dr. Brown that plaintiff had "struggled to work" and his pain had "progressed to w[here] he cannot perform any meaningful physical activity that would allow him to have a job[.]").

At oral argument, the plaintiff's counsel underscored that the administrative law judge had erred in purporting to give great weight to Dr. Hall's opinion but rejecting, without explanation, Dr. Hall's testimony that he had no reason to question either the plaintiff's credibility or the clinical findings of Dr. Brown that his examinations elicited complaints of discomfort.  He contended that, to the extent that Dr. Hall endorsed Dr. Hayes' RFC opinion, Dr. Hall's own testimony was internally inconsistent.

The commissioner's counsel persuasively countered, however, that Dr. Hall's opinions were not internally inconsistent. Dr. Hall did not contest that the plaintiff experienced pain; rather, he found that the limitations found by Dr. Hayes, rather than those found by Dr. Brown, more reasonably accounted for that pain. *See* Record at 52, 54. In any event, as counsel for the commissioner alternatively contended, even if the administrative law judge erred in failing to address Dr. Hall's testimony that he had no reason to question the plaintiff's credibility, the failure of an administrative law judge, who "does not have to defer to credibility assessments made by others[,]" to "reference positive credibility statements by others is not a ground for reversal." *Deroche v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00137-JAW, 2011 WL 1792695, at *6 (D. Me. Apr. 26, 2011) (rec. dec., *aff'd* May 11, 2011).

Beyond this, as counsel for the commissioner noted, the administrative law judge supplied several good reasons for rejecting Dr. Brown's opinions in favor of those of Drs. Hall and Hayes, including that (i) diagnostic imaging was generally benign, (ii) no diagnostic testing was performed after 2007, (iii) the plaintiff continued to work despite years of complaints of back and hip pain, and his clinical picture was unchanged when he did stop working, and (iv) Dr. Hall testified that there was no objective or clinical record of the plaintiff's described hip dislocation and that "no dislocation is physiological[ly] possible at the bon[y] spine." Record at 49.

In so doing, he satisfied his obligations with respect to the assessment of a treating source opinion. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) ("[The commissioner] will always give good reasons in [his] notice of determination or decision for the weight [he] give[s] [a claimant's] treating source's opinion."); Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011) ("SSR 96-5p"), at 127 (even as to

issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011) ("SSR 96-8p"), at 150 (an administrative law judge can reject a treating source's opinion as to RFC but "must explain why the opinion was not adopted").

For all of these reasons, the administrative law judge supportably rejected the RFC opinions of Dr. Brown.

### C. Limitations Missing From RFC Finding

The success of the plaintiff's third and final point of error, that the administrative law judge omitted critical limitations from his RFC finding, hinges on the merit of one or both of the first two. *See* Statement of Errors at 12. Because I have found the first two points of error to be without merit, the third point also falls short.

### II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of June, 2012.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge